UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAHEE A. RASHEED, also known as JAMES EARL SMITH,<br><br>Petitioner,<br><br>v.<br><br>SUSAN HUBBARD, et al.,<br><br>Respondents. | 1:11-CV-00948 SMS HC<br><br>ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS<br><br>ORDER DIRECTING CLERK OF COURT TO ENTER JUDGMENT AND CLOSE CASE<br><br>ORDER DECLINING ISSUANCE OF CERTIFICATE OF APPEALABILITY |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner has consented to the jurisdiction of the magistrate judge pursuant to 28 U.S.C. § 636(c).

On June 10, 2011, Petitioner filed the instant petition for writ of habeas corpus in this Court. Petitioner states he is a pretrial detainee who has been incarcerated for over 12 years on an outstanding warrant. He claims he is falsely imprisoned in that he is being punished prior to being convicted of any crime. He also complains that an envelope sent to him was stolen by a correctional officer, and that he is being forced to use a name other than his chosen Muslim name.

**DISCUSSION**

A.  Procedural Grounds for Summary Dismissal

Rule 4 of the Rules Governing Section 2254 Cases provides in pertinent part:

If it plainly appears from the petition and any attached exhibits that the petitioner is not

entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. See Herbst v. Cook, 260 F.3d 1039 (9th Cir.2001). A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted. Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

B.  Failure to State a Cognizable Federal Claim

The basic scope of habeas corpus is prescribed by statute.  28 U.S.C. § 2254(a) states:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to a judgment of a State court *only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States*.

(emphasis added).  See also, Rule 1 to the Rules Governing Section 2254 Cases in the United States District Court.  The Supreme Court has held that "the essence of habeas corpus is an attack by a person in custody upon the legality of that custody . . ." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973).

In this case, Petitioner fails to state a prima facie claim for relief.  He states he is a pretrial detainee who has been incarcerated over 12 years on an outstanding warrant, and he claims he is falsely imprisoned in that he is being punished prior to being convicted of any crime.  His statement of custody is false and his claim is plainly frivolous. The Court takes judicial notice of the prior case of Rasheed v. Harrington, Case No. 1:09-CV-00415 LJO GSA HC.[1]  In that case, Petitioner claimed he was scheduled for release on February 12, 2009, but was denied release by prison officials.  In his motion to dismiss that petition, Respondent submitted the abstract of judgment for the underlying conviction, which shows Petitioner was convicted on January 6, 1999, of grand theft and second degree burglary and was sentenced on February 8, 1999, to twenty-five years to life. (See Case No.

---

[1] This Court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." U.S. ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc., 971 F.2d 244 (9th Cir.1992); see also MGIC Indem. Co. v. Weisman, 803 F.2d 500, 505 (9th Cir. 1986); United States v. Wilson, 631 F.2d 118, 119 (9th cir. 1980).

1:09-CV-00415 LJO GSA HC, Doc. 14, Ex. 1.)  Petitioner is currently serving this sentence. (Id.) Petitioner's statement that he is somehow a pretrial detainee who is imprisoned without having been convicted of a crime is a complete misrepresentation.

As to Petitioner's complaints regarding his mail and his name, habeas relief is unavailable. Such claims concern the conditions of confinement, not the fact or duration of that confinement.  A civil rights action pursuant to 42 U.S.C. § 1983 is the proper method for a prisoner to challenge the conditions of that confinement, not a habeas corpus petition.  McCarthy v. Bronson, 500 U.S. 136, 141-42 (1991).  Therefore, the instant petition will be dismissed.

C.  Certificate of Appealability

A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003).  The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
>
> (c)     (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–
>
>           (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>
>           (B) the final order in a proceeding under section 2255.
>
>     (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
>     (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

If a court denies a petitioner's petition, the court may only issue a certificate of appealability "if jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed

U.S. District Court
E. D. California            cd            3

further." Miller-El, 537 U.S. at 327; Slack v. McDaniel, 529 U.S. 473, 484 (2000). While the petitioner is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his . . . part." Miller-El, 537 U.S. at 338.

In the present case, the Court finds that reasonable jurists would not find the Court's determination that Petitioner is not entitled to federal habeas corpus relief debatable, wrong, or deserving of encouragement to proceed further. Petitioner has not made the required substantial showing of the denial of a constitutional right. Accordingly, the Court hereby DECLINES to issue a certificate of appealability.

**ORDER**

Accordingly, IT IS HEREBY ORDERED:

1) The petition for writ of habeas corpus is DISMISSED WITH PREJUDICE;

2) The Clerk of Court is DIRECTED to enter judgment and close the case; and

3) The Court DECLINES to issue a certificate of appealability.

IT IS SO ORDERED.

**Dated:   June 29, 2011**             /s/ Sandra M. Snyder
                                       UNITED STATES MAGISTRATE JUDGE